UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DEANNA NEACE,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | CIVIL ACTION NO. 6:20-116-KKC<br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on the parties' cross-motions for summary judgment. (DEs 16, 18.)  The plaintiff, Deanna Neace, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, DENIES Plaintiff's motion (DE 16), GRANTS Defendant's motion (DE 18), and AFFIRMS the Commissioner's decision.

I.

**A. Standard of Review**

This Court's review of the Administrative Law Judge's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action needs be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 1157 (2019). The substantial evidence standard—more than a mere scintilla of evidence but less than a preponderance, *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)—is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding, which is itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

In reviewing the decision of the Commissioner, courts do not try the case de novo, resolve conflicts in the evidence, or assess questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Similarly, courts do not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Rather, courts must affirm the ALJ's decision if substantial evidence supports it, even if the court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**B. ALJ Process**

To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*: If the claimant is doing substantial gainful activity, the claimant is not disabled.

*Step 2*: If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that

>                significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3*: If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4*: If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5*: If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* 20 C.F.R. § 404.1520(g)(1).

## II.

In denying Neace's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. 20 C.F.R. § 404.1520(a).

At step one, the ALJ determined that Neace has not engaged in substantial gainful activity since April 15, 2017. (Administrative Record ("AR") at 17.)

At step two, the ALJ determined that Neace suffered from the following severe impairments: diabetes with insulin pump; polyneuropathy; history of stroke; depression; and rhabdomylosis. (AR at 17.)

3

At step three, the ALJ found that Neace does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 18.)

Before proceeding to step four, the ALJ determined that Neace has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs (but never ladders, ropes, or scaffolds). The ALJ determined that Neace can occasionally balance, stoop, and occasionally kneel, crouch, and crawl; that she can frequently handle, finger and feel bilaterally; that she can have occasional interactions with members of the public; and that she can perform simple and routine tasks. (AR at 20.)

At step four, the ALJ determined that Neace is unable to perform any past relevant work. (AR at 23.)

At step five, the ALJ determined that, considering the RFC described above and Neace's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Neace can perform, and thus, she is not disabled. (AR at 23.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Neace's request for review. *See* 20 C.F.R. § 422.210(a). Neace has therefore exhausted her administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

### III.

**A. The ALJ Did Not Err in Considering Plaintiff's Severe Impairments**

Neace first argues that the ALJ erred in failing to find that her gastroparesis, diabetic retinopathy, chronic congestive heart failure, and chronic kidney disease constitute

4

severe impairments. (DE 16 at 9.) Neace further argues that the ALJ erred in failing to consider whether her dyspnea and orthostatic hypotension constitute severe impairments.

Neace states in a conclusory manner that the ALJ erred and that there is "abundant evidence" supporting the severity of these impairments, but Neace does not develop the argument further. The section of the ALJ's decision evaluating Neace's gastroparesis, diabetic retinopathy, chronic congestive heart failure, and chronic kidney disease includes numerous references to the medical record and illustrates proper consideration of the evidence. (AR at 17–18.) Neace does not identify with any specificity why the ALJ's decision as to those conditions was in error, nor does she explain why the ALJ should have considered dyspnea and orthostatic hypotension when Neace herself did not list those conditions in her Disability Report. (AR at 194.)

In addition, the ALJ did find that Neace had several other severe impairments. Having made that determination, the ALJ was required to continue the sequential analysis to determine if Neace is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(ii), (iv). Thus, even if the ALJ erred by not including the conditions Neace references as additional severe impairments, "the error is harmless as long as the ALJ found at least one severe impairment and continued the sequential analysis and ultimately addressed all of the claimant's impairments in determining her residual functional capacity." *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006) (citing *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). The ALJ did address all of the claimant's impairments at the RFC stage, so if there was any error, it was harmless. (AR at 20–23.)

The Court's role at this stage is to ensure that the ALJ applied the proper legal standards and had substantial evidence to support his decision. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224–25 (6th Cir. 2019). The Court finds that that standard has been met.

## B. The ALJ Did Not Fail to Adequately Consider Whether Plaintiff's Impairments Meet and/or Equal a Listing

Neace next argues that, during step three of the analysis, the ALJ erred in failing to adequately consider whether Neace's impairments meet or equal the severity of a listed impairment. (DE 16 at 9.)

The Act requires that all impairments, regardless of their severity, be considered in combination. 42 U.S.C. § 423(d)(2)(B); *see also* 20 C.F.R. § 404.1523. The ALJ must determine at step three whether a claimant is eligible for benefits based on an impairment or combination of impairments that meet or medically equal a listed impairment. To meet a listing, the claimant "must point to specific evidence that demonstrates he could reasonably meet or equal every requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).

The ALJ considered listings 9.00 and 11.14 with regard to Neace's diabetes and neuropathy, listing 11.04 with regard to Neace's stroke, and listing 12.04 with regard to Neace's mental impairment. (AR at 19.) The ALJ determined that Neace's impairments "when considered individually or in combination" do not meet or equal the requirements of a Listing. (AR at 18–19.) Thus, the ALJ properly considered the impairments in combination as required by 20 C.F.R. § 404.1523.

Neace asserts that she meets the criteria for listings 3.02, 6.09, 11.14A, and 14.07. However, Neace only references listings 3.02 and 14.07 in passing without providing further analysis, so the Court will consider arguments as to those listings waived. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) ("[I]ssues which are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citation and quotation marks omitted). Accordingly, the Court will only address Neace's arguments regarding listings 6.09 and 14.07.

6

Under listing 6.09 (Complications of Chronic Kidney Disease), Plaintiff must demonstrate "at least three hospitalizations within a consecutive 12-month period and occurring at least 30 days apart. Each hospitalization must last at least 48 hours, including hours in a hospital emergency department immediately before hospitalization." *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 6.09. The hospitalizations may be for different complications of chronic kidney disease including stroke, congestive heart failure, hypertensive crisis, or acute kidney failure. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 6.00C(8). Neace points to six hospital admissions (DE 16 at 10 n.1), but of those, only two (AR 1402–03, 1465) actually reference any kidney-related issue. At step two, the ALJ determined that Neace's chronic kidney disease was not a severe impairment because Neace's medical records showed that it did not impose more than a slight or minimal limitation on her ability to perform basic work-related activities. (AR at 18.) The ALJ's subsequent decision not to consider whether Neace's chronic kidney disease met Listing 6.09 is supported by the same substantial evidence. None of the evidence Neace now points to undermines the ALJ's decision. Thus, the Court does not find error on this issue. *See Smith-Johnson*, 579 F. App'x at 432–33 (noting that an ALJ does not commit reversible error by failing to evaluate a listing at step three unless the claimant points to specific evidence that demonstrates he or she could reasonably meet or equal every requirement of the listing).

Under listing 11.14A (Peripheral Neuropathy), Plaintiff must demonstrate disorganization of motor function in two extremities resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 11.14A. The ALJ did consider whether Neace's neuropathy met this Listing. In multiple places (AR at 19, 21, 22), the ALJ references the medical records considered while evaluating Neace's neuropathy. *See Forrest*

7

*v. Comm'r of Soc. Sec.*, 591 Fed. App'x 359, 366 (6th Cir. 2014) (noting that sufficient factual findings elsewhere in the ALJ's opinion can support the ALJ's conclusion at step three even if those findings are not repeated in the step three section of the opinion). While Plaintiff points to credible evidence that her neuropathy is disabling (DE 16 at 11), the ALJ's decision is also supported by substantial evidence. (AR at 19, 21–22.) At this stage of the proceedings, courts do not reverse findings of the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner*, 375 F.3d at 390. Rather, courts must affirm the ALJ's decision if substantial evidence supports it, even if the court might have decided the case differently. *See Longworth*, 402 F.3d at 595. The Court finds that the ALJ's determination that Neace's neuropathy did not meet or equal the criteria for a listing was supported by substantial evidence.

**C. The ALJ Did Not Err in Assessing Plaintiff's Residual Functional Capacity**

Finally, Neace argues that the ALJ's residual functional capacity ("RFC") finding does not accurately depict her work-related abilities. (DE 16 at 11.) Neace generally alleges that the ALJ did not adequately consider the entire record, and she specifically mentions the ALJ's failure to give more weight to certain "objective" evidence, the ALJ's finding that Dr. Khan's opinion is not persuasive, and the ALJ's purported failure to consider that Plaintiff's hospitalizations and use of a prescribed walker would both preclude employment.

Between steps three and four of the sequential disability benefits analysis, the ALJ assesses the claimant's RFC, which is the most the claimant can do despite their impairments. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1), 404.1546(c). At this stage, the claimant bears the burden of proving that an impairment should be accommodated in their RFC assessment. *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019) (citing *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (explaining that a claimant

8

bears the burden of proving his lack of residual functional capacity)). The ALJ must address the claimant's reported symptoms in their RFC assessment, *see* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), but the ALJ is only required to incorporate limitations that he accepts as supported by evidence. *Lester v. Soc. Sec. Admin.*, 596 F. App'x 387, 389–90 (6th Cir. 2015) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Thus, in making the RFC finding the ALJ must necessarily evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a). An ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility. *See* SSR 96–5p, 1996 WL 374183, at *3; SSR 96–8p, 1996 WL 374184, at *5. No medical source opinion is conclusive by itself on this issue. *See* SSR 96-5p, 1996 WL 374183, at *2, 4–5. Similarly, a claimant's subjective complaints of pain or other symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a). "Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive.").

Plaintiff's general assertions about the ALJ's failure to give more weight to certain "objective" evidence and the ALJ's purported failure to adequately consider Plaintiff's hospitalizations and walker use do not evince error. Contrary to Plaintiff's allegations, the ALJ's decision shows a thorough consideration of all relevant medical and non-medical evidence, Neace's subjective reports, and the various medical opinions rendered by providers. (AR at 20–23.)

As to Plaintiff's assertions about Dr. Khan's opinion, under the applicable regulations, the ALJ no longer defers or gives specific evidentiary weight to treating physician reports. 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers the following factors when reviewing medical opinions: supportability; consistency; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose of the treatment relationship; extent of the treatment relationship; examining relationship; specialization; and other factors such as the source's familiarity with other evidence in the claim or an understanding of the disability program's policies and evidentiary requirements. § 404.1520c(c)(1)-(5). The ALJ must then articulate how he or she considered the medical opinions and evaluate the persuasiveness of each source. 20 C.F.R. § 404.1520c(a)-(b). The ALJ also focuses on whether a medical source provides evidence in support of a medical opinion. 20 C.F.R. 404.1527(c)(3). The ALJ need not defer to opinions by medical professionals (or other treating sources) that are not based on adequate medical data. *Cohen v. Sec. of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) ("The ALJ ... is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."). The ALJ's decision shows that he thoroughly and appropriately considered as required the opinions of the various medical providers that evaluated Neace's conditions. (AR at 22.)

The ultimate decision of a claimant's RFC is made by the ALJ. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); 20 C.F.R. 404.1546(c). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey*, 987 F.2d at 1233. As explained above, the ALJ's determination was supported by substantial evidence and must be affirmed.

## IV.

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

(1) The plaintiff's motion for summary judgment (DE 16) is **DENIED**;

(2) The defendant's motion for summary judgment (DE 18) is **GRANTED**;

(3) The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) A judgment will be entered contemporaneously with this order.

This 5th day of January, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY