UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DEANNA NEACE, | CIVIL ACTION NO. 6:20-CV-116-KKC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff's motion for attorney fees (DE 28) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The defendant has filed a timely response in opposition, and the plaintiff filed a reply. (DEs 33, 36.) For the following reasons, the Court will grant the plaintiff's motion for attorney fees.

I. Background

This Court originally denied Neace's social security appeal. (DE 20.) Plaintiff Deanna Neace ("Neace") subsequently appealed the Court's decision, and the Sixth Circuit vacated and remanded for further proceedings. (DE 25.) Now, Plaintiff Deanna Neace ("Neace") asks for an award of attorney's fees in the amount of $22,393.21. (DE 28.)

The Social Security Administration ("SSA") does not dispute that Neace is a "prevailing party" under *Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993), nor does the SSA argue that Neace's motion is untimely under 28 U.S.C. § 2412(d)(1)(B). The SSA instead argues that the Government's position was substantially justified and thus Neace is not entitled to attorney's fees in this matter. In the alternative, it argues that Neace's requested fees should be reduced based upon excessive hourly rates and/or excessive hours.

II. Analysis

1

### A. Substantial Justification

The Equal Access to Justice Act (EAJA) entitles a prevailing party to recover reasonable attorney's fees from the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The test of whether the government's position is substantially justified "is essentially one of reasonableness in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 563–64 (1988). The Supreme Court has clarified that this standard is satisfied "if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *Id.* at 565 (quotation marks omitted). Further, the substantially justified standard "should not be read to raise a presumption that the Government position was not substantially justified simply because it lost the case." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quotation marks omitted).

The Sixth Circuit has previously found that the SSA's decision to defend a denial of benefits is without substantial justification when an administrative law judge (ALJ) is found to have selectively considered the evidence in his analysis. *Id.* (citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)). However, "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification" and "[a] fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position." *Delong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 727 (6th Cir. 2014).

The SSA would have the Court find that this matter is analogous to *Delong*, in which the ALJ poorly explained his position but the SSA's decision was nonetheless substantially justified. The Sixth Circuit's order to remand is instructive here. It found that Neace "developed evidence that raised a 'substantial question' whether her diabetic polyneuropathy,

2

which is unquestionably a 'disorganization of motor function,' meets or equals all the requirements of Listing 11.14A." (DE 24 at 5.) However, the Sixth Circuit noted that the ALJ did not discuss this evidence or explain why it was insufficient to satisfy Listing 11.14A; instead, the ALJ "asserted that they had considered Listing 11.14 with regard to Neace's neuropathy, and cited two exhibits[1] with no further discussion." (*Id.*) The Sixth Circuit ultimately concluded that the ALJ erred in failing to consider and make specific findings concerning whether Neace's polyneuropathy meets or equals Listing 11.14A.

The Court finds that this matter is more analogous to the abdication of duty to adequately review and account for all the pertinent medical information, *Adkins v. Comm'r of Soc. Sec.*, 393 F.Supp.3d 713, 718 (N.D. Ohio Aug. 13, 2019) (citing *Valentine v. Comm'r of Soc. Sec.*, 250 Soc.Sec.Rep.Serv. 5, 2018 WL 500342 (E.D. Mich. Jan. 22, 2018)), than the mere failure to articulate an explanation found in *Dulong*. The Sixth Circuit clearly explains that the ALJ "did not discuss" "or explain" why the evidence brought by Neace was insufficient to satisfy Listing 11.14A. That is not poor articulation; that is a failure to adequately review and account for the pertinent medical evidence. Accordingly, the Commissioner's position was not substantially justified and the Court must grant Neace's request for attorney's fees.

B.     **Reasonableness of Requested Fees**

The Commissioner further argues that the Court should reduce the amount of fees awarded to Neace because the requested fees and claimed hours are unreasonable. Neace seeks an hourly rate of $208.01 for work performed in 2020 and $239.25 for work performed

---

[1] The Sixth Circuit notes that the first cited exhibit was fifty pages long, and both cited exhibits contained contradicting evidence regarding Neace's physical condition.

3

in 2022. The Commissioner argues that Neace has failed to show that the prevailing market rate has exceeded the statutory attorney fee ceiling of $125 per hour.

"The amount of fees awarded under" the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This $125 cap was enacted by Congress in March 1996. *See Moxley v. Comm'r of Soc. Sec.*, 2016 WL 5922382, *2 (N.D. Ohio) (citing Pub. L. No. 104-121, 110 Stat. 847 (1996)). The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index (CPI) as to the cost of living is left to the sound discretion of the district court. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). "[T]he trend [to award the statutory cap] has recently been altered for certain types of cases, especially those which involve complex legal questions and substantive legal work both in this Court and on appeal before the United States Court of Appeals for the Sixth Circuit." *See Ison v. Kijakazi*, Case No. 7:21-CV-70-JMH, 2022 WL 3437307, at *2 (E.D. Ky. Aug. 16, 2022).

Neace has sufficiently shown that an adjustment to the statutory cap is reasonable through his attorney's sworn affidavit and CPI calculations. He included a lengthy accounting of his time spent on the social security case, including the successful appeal, and testified that the requested fees are customary among qualified attorneys in this judicial district. (DE 28-1 at 2–5.) He further included CPI calculations, which show that the requested rates for 2020 and 2022 match the buying power of $125 in March 1996. Finally, he included affidavits from three attorneys in his practice area, who each testified that they believed the prevailing market rate for hours spent representing social security claimants is "approximately $200 to $500 per hour." (DEs 28-5, 28-6, 28-7.) Neace's requested fees are on

4

the bottom end of that approximation. Accordingly, the Court finds that Neace has shown that the requested adjustment from the statutory cap is reasonable in this instance.

Further, the Court finds that Neace's claimed hours are reasonable. Neace's attorney accounted his compensable hours at 95.75, but the Commissioner argues that the amount should be reduced, at most, to 75 hours. (DE 33 at 13.) "While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented." *Adkins v. Comm'r of Soc. Sec.*, 393 F.Supp.3d 713, 719 (N.D. Ohio Aug. 13, 2019) (citing *Zanon v. Comm'r of Soc. Sec.*, 2010 WL 1524143, at *2 (E.D. Mich. April 15, 2010)). "In determining whether the time expended was reasonable, courts may consider the complexity of the case, the length of the administrative record and counsel's familiarity with it, the legal research required, and the skills and contemporaneous time records of counsel." *Id.* (quotation marks omitted).

The administrative record in this case is lengthy, at 1,626 pages total. (DE 14-1.) Given that Neace's current counsel only started representing her after the Appeals Council's denial of review and was at that point unfamiliar with the case, the Court finds that 32.65 hours of work performed at the district court level is reasonable in this case.

The Commissioner also contests that the amount of hours claimed during the appeal, totaling 63.10 hours, was excessive given his work done at district court level. Notably, the Commissioner does not direct the Court to specific time entries that he has issues with and instead argues excessiveness with a broad brush. "Such lack of specificity, alone, is sufficient for the Court to deny the Commissioner's objections." *Whitaker v. Kijakazi*, 2022 WL 3449474, at *2 (Aug. 17, 2022) (citing *Dowsing v. Berryhill*, 2019 WL 124847 (W.D. Tenn. Jan. 7, 2019)).

Nothing in the record or plaintiff counsel's time entries suggests that he exercised inappropriate billing judgment in this case. Further, multiple federal courts have granted

5

motions for attorney's fees in cases that, like this one, involved appeals to both the district and circuit courts, and included more hours than is present here. *See Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (approving 162.25 hours and fees of $20,367.72); *Banks v. Barnhart*, 2003 WL 22019796 (N.D. Ill. 2003) (approving 120 hours and fees of $22,411.66); *Villano v. Astrue*, Case No. 07-cv-187, 2009 WL 1803131, at *4 (N.D. Ind. June 23, 2009) (approving 180.1 hours and fees of $31,952.82); *Gerstner v. Berryhill*, Case No. 15-cv-1115 (E.D. Wis. June 8, 2018) (approving 152.7 hours); *see also Darius W. v. Saul*, 2020 WL 3469218, at *5 (N.D. Ill. June 25 2020) (approving 148.5 hours expended before the district and appellate courts); *Bohannon v. Colvin*, No. 15 CV 111, 2017 WL 192334, at *2 (N.D. Ind. Jan. 18, 2017) (finding that the standard range for hours worked on Social Security appellate litigation is 40-60 hours); *Getch v. Astrue*, No. 06 CV 143, 2009 WL 89667, at *5 (N.D. Ind. Jan. 12, 2009) (approving 169.2 hours and fees of $28,680.35).

    **C.**    **Supplemental Fee Request**

In her reply, Neace concedes to the Commissioner's objections that the requested fee rates should be adjusted to use the applicable regional CPI rather than the national CPI. As a result, Neace requests an hourly rate of $200.01 in 2020, $230.00 in 2022, and $236.25 in 2023. The Court finds that these slight adjustments are appropriate.

Additionally, Neace asks to be compensated for the time expended on researching, drafting, and preparing argument for the motion for attorney fees and reply brief. Neace's counsel asserts that he spent 31.25 hours on this process and requests compensation at the hourly rate of $236.25.

The EAJA can "provide compensation for *all* aspects of fee litigation" and a claimant need not prove and a court need not find a second "substantial justification" before awarding EAJA fees for the EAJA fee litigation itself. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159–60,

162 (1990). Neace's counsel has submitted a sworn affidavit containing time entries that detail his work done on the fee litigation. (DE 36-2.) Accordingly, the Court finds no reason to deny him compensation for his work done regarding this motion.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that:

1. The plaintiff's motion for attorney fees (DE 28) is GRANTED; and

2. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, attorney fees of $28,426.14 with additional court costs in the amount of $505.00 shall be awarded to Neace. If it is determined that any portion of Neace's EAJA fees are not subject to any offset allowed under the Department of Treasury's Offset Program, then a check for that amount shall be made payable to Neace's attorney in accordance with Neace's fee agreement. Any check for EAJA fees and costs shall be mailed to Neace's attorney Patrick House at the following address: P.O. Drawer 940, Barbourville, KY 40906.

This 8th day of May, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY